[Crim. No. 6068.   Second Dist., Div. One.   Feb. 5, 1958.]

THE PEOPLE, Respondent, v. ARTHUR CUMMINGS et al., Defendants; PATRICK EDWARD JORDAN, Petitioner.

Patrick Edward Jordan, in pro. per., for Petitioner.

No appearance for Respondent.

FOURT, J.—Defendant and appellant, Patrick Edward Jordan, has petitioned this court for a stay of execution of a judgment of conviction pending the determination of his appeal, following the refusal of the trial court to order a stay of execution pending appeal pursuant to section 1243 of the Penal Code.

Defendant Jordan, hereinafter referred to as the defendant, was charged in an information with a conspiracy to commit abortion and with nine separate counts of the crime of abortion.   The codefendant, Arthur Cummings, was similarly

charged and convicted. Jordan appeared in court on February 5, 1957, with his counsel, the public defender, and pleaded not guilty to each of the 10 counts then charged against him. On February 18, 1957, the defendant and his counsel were present in court, and it is set forth in the proceedings of that day, "It appearing to the Court that the defendant has been committed to the Department of Mental Hygiene, cause is advanced from February 25, 1957. Counsel for the defendant enters a plea of 'Not Guilty by reason of Insanity' at the time of the commission of the offense on behalf of the defendant. Doctor Robert E. Wyers and Dr. John A. Mitchell are appointed under section 1027 Penal Code to examine the defendant as to his sanity at the time of the commission of the offense, and are also appointed under section 1871, CCP to examine the defendant as to his present sanity, and report to the Court by February 25, 1957. Trial is restored to calendar February 25, 1957, at 9:15 A. M. . . ."

On February 25, 1957, the defendant and his counsel were present in court and upon the basis of the reports of the doctors, theretofore appointed, the court found that the defendant was "presently sane and able to cooperate with counsel in his own defense." A jury was waived, the trial then commenced, and it was stipulated that the cause be submitted on the transcript of the testimony taken at the preliminary hearing, all parties reserving the right to introduce additional evidence. The trial was then continued to April 2, 1957, and the defendant was remanded to the Metropolitan State Hospital at Norwalk.

On April 2, 1957, the defendant made a motion in effect requesting that a daily transcript of the proceedings be ordered and the motion was denied. Several witnesses were then sworn and testified, and the trial continued on into the next day at which time the People rested their case. The defendant introduced certain evidence in the days that followed and then rested his case. On April 5, 1957, the cause was continued to April 29, 1957, for further trial. On April 26, 1957, the court ordered the court reporter to prepare an original and three copies of the transcript of the testimony taken on April 2, 3, 4 and 5, 1957. On April 29, 1957, each of the defendants made a motion to reopen the case for the purposes of taking additional evidence and the motion was denied. The cause was then argued and continued to April 30, 1957, upon which day the arguments were concluded and the court found this defendant guilty of counts I, V, VI,

VII, VIII and X, and not guilty as to counts II, III, IV and IX.

The record set forth in the superior court file discloses that there was no determination of the defendant's plea of not guilty by reason of insanity. The attorney general has conceded that no such determination was made. The defendant was sentenced to the state prison, and he is presently confined in Folsom prison.

. At the time of arraigning the defendant for the pronouncement of judgment the court made no mention of the defendant's plea of not guilty by reason of insanity, however, the trial judge must have had in mind something concerning the mental condition of the defendant for he said, "It is the opinion of the Court that it would probably be more beneficial for him to be sent to Vacaville (California Medical Facility) for treatment than to be incarcerated in one of the institutions."

On December 6, 1957, the defendant caused to be filed in the superior court a "Motion for Stay of Execution and/or release on bail by own recognizance, and/or Modification of Sentence." Among other grounds for the stay of execution, the defendant contended that he was then in Folsom prison and preparing his appeal in propria persona without assistance of counsel or prison authorities. It is further set forth that there is a prison law library, however, that it can only be used during leisure hours and he can spend only about four hours each week in said law library. He further contends that if given a stay of execution he ". . . would have the benefits of diligently perfecting his appeal from within the confinement of the L.A. County Jail where he would have free access to the County Law Library and consultation with counsel if he so choses and relief from a constant restraint which presently deprives him from acting as his own attorney, in the event that he did not make bail from the County Jail."

Defendant further stated, "At the time of sentencing this Honorable Court in pronouncing said sentence made a recommendation that defendant be confined in the California Medical Facility at Vacaville and by such recommendation it is presumed by defendant that the Court did not intend for the defendant to be placed in the Maximum security prison in Folsom wherein he is prohibited from faithfully and diligently perfecting his case on appeal."

By letter the defendant has been advised by counsel for the codefendant that a transcript is not presently available to

him, as the only copy has been given to' the attorneys for the codefendant who is and has been at all times released on bail. Counsel for the codefendant did indicate that he would loan his copy to the defendant on condition that it be returned to him on request.

Defendant's motion for a stay of execution in the superior court was denied on December 12, 1957.

The defendant did, on December 30, 1957, file in this court a motion for a stay of execution wherein he sets forth a statement of the case and asserts certain grounds for the stay of execution, among others being some of the grounds urged in the superior court.

We are of the opinion under the peculiar and particular aspects and circumstances of this case, and further because the defendant is going to have to be returned to Los Angeles County for further disposition of his case on his plea of not guilty by reason of insanity, that a stay of execution should be, and is granted pending the final determination of the case on appeal.

It is further ordered that the warden of the Folsom State Prison at Folsom deliver defendant to the custody of the sheriff of Los Angeles County to be detained by said sheriff in the county jail at Los Angeles pending further order of this court.

White, P. J., and Doran, J., concurred.