[Crim. Nos. 9064, 9065. Second Dist., Div. Two. Mar. 24, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. PATRICK EDWARD JORDAN, Defendant and Appellant.

(Two Cases.)

William C. Fundenberg, Jr., under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, J.—Appellant pleaded not guilty to the violation of Penal Code, section 274 (abortion), performed upon Delores Abalos. The case was submitted to the trial court on the preliminary hearing transcript; each side reserving the right to present additional evidence. After each side had argued, the prosecution moved to reopen for additional testimony. Appellant moved for a mistrial and the motion was granted.

Upon retrial the information was amended to charge appellant with a prior conviction under Penal Code, sections 182 and 274, which he denied. The court found appellant guilty as charged.

Appellant appeals on the grounds that: (1) the testimony of Mrs. Abalos was not sufficiently corroborated by other evidence; (2) the trial court erred in ruling on the prior conviction, since it did not consider the file of that case (Los Angeles Superior Court No. 187164); and (3) the district attorney committed prejudicial error at the first trial by attempting to reopen the trial after both parties had rested.

The rules pertaining to corroboration are clearly stated in the recent case of *People* v. *Bawden*, 208 Cal.App.2d 589, 596 [25 Cal.Rptr. 368]. The court stated that "Corroboration is sufficient if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy

the jury that the woman is telling the truth. ... It has been held that the corroborative evidence need not by itself establish that the crime was committed or show all the elements thereof, but it must relate to some act or fact which is an element of the offense. [Citations.] It must create more than a suspicion, but it may be sufficient even though slight and entitled to but little consideration when standing by itself.''

In this case the record shows that Mrs. Abalos became pregnant in April 1962, discussed it with her husband and decided upon an abortion. Thereafter Mr. Abalos spoke with other persons, and at the suggestion of an unidentified listener, gave his home phone number to a third person.

On or about June 18 or 19, Mrs. Abalos received a telephone call from someone who said ''This is Doc.'' She told this person she wished to terminate her pregnancy and an appointment was made for June 22, at her home. On the arranged date, a man having a goatee, arrived at her house by cab; entered the house carrying a suitcase which she later learned contained a Trilen mask; and aborted her. Upon conclusion of the operation the man asked permission to call a cab. Mrs. Abalos heard him say ''This is Doc, have Wylie pick me up.'' Mrs. Abalos then gave Doc, who is the appellant, $400 in cash without taking a receipt.

The cab driver testified that he picked up appellant who had a goatee, at 421 East Hazel, in Inglewood, delivered him to the Abalos house and 45 minutes later returned to that address to get him.

Dr. Milton Joyce testified that he first examined Mrs. Abalos prior to June 18, 1962, in connection with her pregnancy. On June 27, 1962, he examined her again and determined that she had been aborted. There was no testimony from Dr. Joyce or anyone else whether any instrument had been used in performing the abortion or whether one or more persons performed the abortion.

The evidence of the cab driver establishes appellant's presence at the house at the alleged time the act was committed. ▉ *Mere* presence, without more, is not enough evidence to make a person a principal. ▉ The corroboration must be to some act or fact intrinsically a part of the crime. ▉ Nor can it be held as a matter of law, that evidence of presence, without more, is sufficient to corroborate the commission of the alleged crime or appellant's connection therewith. ▉ Corroboration must create more than a suspicion and is not adequate if it requires aid from the testimony of the person to be corroborated in order to

10

connect the appellant with the commission of the crime. (*People* v. *MacEwing*, 45 Cal.2d 218 [288 P.2d 257]; *People* v. *Hoyt*, 20 Cal.2d 306 [125 P.2d 29]; *People* v. *Toney*, 192 Cal.App.2d 711 [13 Cal.Rptr. 756].)

■ Standing alone, the testimony of the cab driver that he delivered appellant to the Abalos house and later picked him up, creates no more than a suspicion that appellant did some act which is an element of the offense. In *People* v. *Reimringer*, 116 Cal.App.2d 332 [253 P.2d 756], physical presence plus evasive and contradictory statements of defendant and the possession by defendant when arrested, almost immediately after the commission of the offense, of $20 bills used by the abortee for payment, were held to be sufficient corroboration of the abortee's testimony. In this case we have no corroborative evidence of any kind except physical presence in the place at or about the time abortee testifies the offense was committed.

■ It is not necessary to discuss the other assignments of error since failure to corroborate abortee's testimony is reversible error.

*Crim. No. 9065.*

■ In May 1957, appellant was convicted of violating Penal Code, sections 182 and 274, both felonies. Probation was denied and appellant was sentenced to the state prison. On February 5, 1958, while appellant was serving his sentence in the state prison, the judgment was stayed by the District Court of Appeal and appellant was delivered to the custody of the sheriff of Los Angeles County to allow appellant time to prepare an appeal. (*People* v. *Cummings*, 157 Cal.App.2d 451 [321 P.2d 78].) On January 5, 1959, the superior court granted appellant's request for probation and apparently appellant dismissed his appeal in the then pending case of *People* v. *Cummings*, 173 Cal.App.2d 721 [343 P.2d 944].

On February 14, 1963, in conjunction with appellant's conviction in Crim. No. 9064, which judgment we are reversing, the Superior Court of Los Angeles County revoked probation and sentenced appellant pursuant to the judgment of 1957, both sentences to run concurrently.

The appeal in this numbered case is moot. Appellant, however, contends that the judgment of the trial court was void for lack of jurisdiction since the revocation was not made during the probationary period. We agree that the revocation of probation was void.

Penal Code, section 1203 provides in substance that probation may be granted at any time prior to execution of sentence. (*Oster* v. *Municipal Court of Los Angeles Judicial Dist.*, 45 Cal.2d 134 [287 P.2d 755] ; *Lloyd* v. *Superior Court*, 208 Cal. 622 [283 P. 931] ; *Ex parte Bost*, 113 Cal.App. 237 [298 P. 85].) Penal Code, section 1203.1 provides that the period of probation may not exceed the maximum possible term of the sentence (in this case five years). Penal Code, section 1203.2 provides that "At any time during the probationary period of the person released on probation ... the court may in its discretion issue a warrant for the rearrest of any such person and may thereupon revoke and terminate such probation. ..." It is thus clear that timely revocation within the probationary period is a jurisdictional fact. (*People* v. *Mason*, 184 Cal.App.2d 182 [7 Cal.Rptr. 525] ; *People* v. *Williams*, 24 Cal.2d 848 [151 P.2d 244].)

Appellant argues that under the circumstances of this case the probationary period expired in May of 1962.

 Generally, the judgment of the trial court is final and nonmodifiable, unless sentence is suspended or probation granted. (*People* v. *McAllister*, 15 Cal.2d 519 [102 P.2d 1072].) A corrollary to this is that the court cannot grant probation after execution on the judgment has begun.

 However, in this case the sentence was stayed by the appellate court and the trial court could have interpreted this as having the effect of vacating the judgment. It is apparent, however, that the stay did not vacate the judgment since the motion was pursuant to appellant's request for time to prepare his appeal. The order of January 1959 was in violation of the rule that probation cannot be granted once execution on the judgment has commenced. However, since appellant did not object to an order benefiting him (*People* v. *Bayne*, 136 Cal.App. 341 [28 P.2d 1068]), and the People did not object under Penal Code, section 1238, subdivision 5, the order was not void but only voidable. (*Ex parte Gibson*, 31 Cal. 619 [91 Am.Dec. 546].) Consequently, it must be held that the order of 1959 relates back to the final judgment of 1957 and that the court was without jurisdiction to revoke probation in 1963.

The appeal from the order denying defendant's motion for a new trial is dismissed. (Pen. Code, § 1237.)

Judgment is reversed in Crim. No. 9064.

Judgment is reversed in Crim. No. 9065.

Fox, P. J., and Herndon, J., concurred.