[Crim. No. 10897. In Bank. Sept. 21, 1967.]

In re JOSEPH GRIFFIN on Habeas Corpus.

Charles L. Lippitt and Jerome S. Billett for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas S. Kerrigan, Deputy Attorney General, for Respondent.

TRAYNOR, C. J.—Petitioner was charged with four counts of grand theft and five of forgery. He pleaded guilty to count 3 (grand theft) and count 9 (forgery). On July 23, 1963, the superior court suspended imposition of sentence on these counts, dismissed the other charges, and granted petitioner probation for the term of three years.

The probation report showed that in his work as an insurance adjuster petitioner obtained approximately $20,000 by thefts and forgeries. He attributed his criminal activities to a need for money that arose from a compulsion to gamble. The conditions of probation were that he spend the first six months of the three-year term in the county jail, that he make restitution through the probation officer in amounts and manner to be prescribed by that officer, and that he not gamble. After petitioner had been in jail for three months the court modified the probation order to permit his immediate release because he represented that he would be able to obtain employment and begin restitution. Petitioner agreed with the probation officer that beginning in February 1964 he would make payments to that officer of about $100 a month toward restitution.

Petitioner did not make these payments as agreed. On July 7, 1964, he appeared with counsel for a hearing on the probation officer's report of violations. The court modified the probation order to require petitioner to pay $125 a month to the probation officer toward restitution. Petitioner did not

make these payments. He issued bad checks and engaged in illegal schemes similar to those resulting in the original criminal charges. On August 23, 1965, he again appeared with counsel for a hearing as to his violations of the conditions of probation. The court ordered probation continued with the additional condition that petitioner sign no checks.

Petitioner continued to violate the conditions of probation. On July 5. 1966. he appeared without counsel for a hearing as to revocation of probation. This appearance and the ensuing proceedings were before a judge who had not previously heard the case. Through the public defender petitioner moved for a month's continuance to obtain private counsel. The court continued the matter to August 2, 1966. No one mentioned that the period of probation would expire on July 22.

On August 2 petitioner appeared with counsel who was new to the case. Petitioner's counsel and the deputy district attorney argued the merits of the probation officer's recommendation that probation be revoked. No one mentioned that the three-year term of probation had expired. The court ordered probation revoked. The judge stated that he would sentence petitioner to the state prison, but at petitioner's request he continued the matter one week.

After the hearing on August 2, petitioner called his counsel's attention to the expiration of the probationary term. Counsel had not known that the term had expired. He promptly served and filed a memorandum contending that upon the expiration of the probationary period the court lost jurisdiction to revoke probation. After further hearings the court determined that on July 5, when petitioner requested a month's continuance, he knew that the probationary term would end on July 23, and that by knowingly seeking and obtaining the continuance beyond the termination date he waived his right to insist on the jurisdictional nature of timely revocation of probation. On August 16, 1966, the court sentenced petitioner to the state prison on counts 5 and 9.[1]

Although the order revoking probation could have been reviewed on an appeal from the ensuing judgment (*People* v. *Robinson* (1954) 43 Cal.2d 143. 145 [271 P.2d 872]), peti-

---

[1]The imposition of sentence on count 5 was an obvious clerical error, for petitioner had pleaded guilty to counts 3 and 9 and the other counts had been dismissed. The superior court can correct the error on its own motion. (*Bogart* v. *Superior Court* (1964) 230 Cal.App.2d 874, 875 [41 Cal.Rptr. 480].)

tioner did not appeal. Instead, after having applied unsuccessfully for habeas corpus in the courts below, he now seeks the writ in this court.

Penal Code section 1203.3[2] provides that the court shall have authority to revoke or modify probation "at any time during the term of probation." ▮ The cases have consistently taken the view announced in *People* v. *O'Donnell* (1918) 37 Cal.App. 192, 196-197 [174 P. 102], that "the statute itself furnishes the measure of the power which may thus be exercised" and "the court loses jurisdiction or power to make an order revoking or modifying the order suspending the imposition of sentence or the execution thereof and admitting the defendant to probation after the probationary period has expired." (See *People* v. *Williams* (1944) 24 Cal.2d 848, 854 [151 P.2d 244]; *People* v. *Siegel* (1965) 235 Cal.App.2d 522, 524 [45 Cal.Rptr. 530]; *People* v. *Jordan* (1964) 226 Cal.App.2d 7, 11 [37 Cal.Rptr. 738]; *People* v. *Mason* (1960) 184 Cal.App.2d 182, 191 [7 Cal.Rptr. 525]; *People* v. *Blume* (1960) 183 Cal.App.2d 474, 481-482 [7 Cal.Rptr. 16]; *People* v. *Blakeman* (1959) 170 Cal.App.2d 596, 599 [339 P.2d 202]; *People* v. *Brown* (1952) 111 Cal. App.2d 406, 408 [244 P.2d 702].) ▮ Habeas corpus lies to review and correct action in excess of the jurisdiction defined by section 1203.3. (*In re Clark* (1959) 51 Cal.2d 838, 840 [337 P.2d 67]; *Ex parte Slattery* (1912) 163 Cal. 176, 178 [124 P. 856]; see *Fayad* v. *Superior Court* (1957) 153 Cal.App.2d 79, 82 [313 P.2d 669] [mandate directing the superior court to discharge petitioner from a probationary term that had been extended beyond the statutory maximum].)

▮ Petitioner contends that because timely revocation of probation is "jurisdictional" the rule that jurisdiction cannot be conferred by estoppel applies. That rule relates to subject matter jurisdiction, the court's power to hear and determine the cause. (*Summers* v. *Superior Court* (1959) 53 Cal.2d 295, 298 [347 P.2d 668]; *In re Johannes* (1931) 213 Cal. 125, 131 [1 P.2d 984]; *In re Garrity* (1929) 97 Cal.App. 372, 376 [275 P. 480]; *People* v. *Titus* (1927) 85 Cal.App.

---

[2]Section 1203.3: "The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. . . . [I]n all cases, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall at the end of the term of probation or any extension thereof, be by the court discharged subject to the provisions of these sections."

The discharge of the defendant referred to in section 1203.3 is provided for in section 1203.4, quoted *infra*, fn. 3.

413, 416 [259 P. 465]; see *People* v. *Granice* (1875) 50 Cal. 447, 448-449; 13 Cal.Jur.2d, Courts, § 82.)

The jurisdictional concept involved in the cases holding that the court is without power to revoke probation after the end of the probationary term is not lack of jurisdiction of the cause but excess of jurisdiction. (See the discussion in *Ex parte Slattery* (1912) *supra*, 163 Cal. 176, 178, and *People* v. *O'Donnell* (1918) *supra*, 37 Cal.App. 192, 196-197.) Neither the probation statutes nor the cases applying them support a holding that expiration of the probationary period terminates the court's jurisdiction of the subject matter. The statutes themselves contemplate that such fundamental jurisdiction continues, for they provide for the court's determination of certain matters after the end of the probationary term.[3]

When, as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. (*City of Los Angeles* v. *Cole* (1946) 28 Cal.2d 509, 515 [170 P.2d 928]; *Guardianship of Di Carlo* (1935) 3 Cal.2d 225, 228-229 [44 P.2d 562, 99 A.L.R. 990]; *People* v. *Patrich* (1897) 118 Cal. 332, 333 [50 P. 425]; *Hoshour* v. *County of Contra Costa* (1962) 203 Cal.App.2d 602, 605 [21 Cal.Rptr. 714]; *Phillips* v. *Beilsten* (1958) 164 Cal.App.2d

[3] Penal Code section 1203.4 provides that "Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities [with some exceptions] resulting from the offense or crime of which he has been convicted."

On application of a defendant who meets the requirements of section 1203.4 the court not only can but must proceed in accord with that statute. (*People* v. *Bradley* (1967) 248 Cal.App.2d 887, 889 [57 Cal. Rptr. 82]; *People* v. *Johnson* (1955) 134 Cal.App.2d 140, 144 [285 P.2d 74]; see *Ex parte Slattery* (1912) *supra*, 163 Cal. 176.)

Penal Code section 17 provides, "Where a court grants probation to a defendant without imposition of sentence upon conviction of a crime punishable in the discretion of the court by imprisonment in the state prison or imprisonment in the county jail, the court may at the time of granting probation, or, on application of defendant or probation officer thereafter, declare the offense to be a misdemeanor." The court's power and duty to pass on such an application for reduction of the offense to a misdemeanor continues after the end of the probationary term. (*Meyer* v. *Superior Court* (1966) 247 Cal.App.2d 133, 139 [55 Cal.Rptr. 350].)

450, 457 [330 P.2d 912]; *Munns* v. *Stenman* (1957) 152 Cal. App.2d 543, 557-558 [314 P.2d 67]; *Blue* v. *Superior Court* (1956) 147 Cal.App.2d 278, 285 [305 P.2d 209]; see 30A Am.Jur., Judgments, § 47; 21 C.J.S., Courts, §§ 108, 109.) Whether he shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when "To hold otherwise would permit the parties to trifle with the courts." (*City of Los Angeles* v. *Cole* (1946) *supra,* 28 Cal.2d 509, 515.) On the other hand waiver of procedural requirements may not be permitted when the allowance of a deviation would lead to confusion in the processing of other cases by other litigants. (*Tabor* v. *Superior Court* (1946) 28 Cal.2d 505, 508-509 [170 P.2d 667].) Substantive rules based on public policy sometimes control the allowance or disallowance of estoppel. For example, *People* v. *Blakeman* (1959) *supra,* 170 Cal.App.2d 596, 598, held that a defendant who requested and received probation conditioned on banishment was not estopped to attack the condition, for public policy forbids banishment and "The law cannot suffer the state's interest and concern in the observance and enforcement of this policy to be thwarted through the guise of waiver of a personal right by an individual." On the other hand a party who has procured a divorce decree is estopped to claim later that it is invalid. In that situation a rule of substantive law based on public policy prevents his questioning even the jurisdictional fact of domicile. (*Spellens* v. *Spellens* (1957) 49 Cal.2d 210, 218-221 [317 P.2d 613]; *Rediker* v. *Rediker* (1950) 35 Cal.2d 796, 805-808 [221 P.2d 1, 20 A.L.R.2d 1152]; *Union Bank & Trust Co.* v. *Gordon* (1953) 116 Cal.App.2d 681, 685 [254 P.2d 644].)

In the present case no policy, substantive or procedural precludes estoppel of petitioner to attack the excess of jurisdiction that resulted from the granting of his motion for a continuance. The trial court's determination that he is estopped is in harmony with the proper operation of the probation system.

By seeking a continuance to a time beyond the end of the probationary term petitioner asked the court to do in a manner that was in excess of jurisdiction what it could have done properly by immediately revoking probation and continuing the matter for a hearing and determination as to the alterna-

tives of reinstatement of probation or imposition of sentence. The court could have revoked probation without affording petitioner the opportunity to obtain counsel; indeed it could have made the order of revocation ex parte. (*In re Levi* (1952) 39 Cal.2d 41, 44 [244 P.2d 403]; *In re Davis* (1951) 37 Cal.2d 872, 874-875 [236 P.2d 579].) It could then have continued the matter to a suitable time for hearing, for when imposition of sentence has been suspended judgment can be pronounced at any time after the timely revocation of probation. (*People* v. *Williams* (1944) *supra,* 24 Cal.2d 848, 854.) Before the pronouncement of judgment petitioner could have moved the court to set aside its order revoking probation and to place him on probation again (Pen. Code, § 1203.2.) These procedures would have protected both petititioner's right to counsel on arraignment for judgment (Cal. Const., art. I, § 13; *In re Perez* (1966) 65 Cal.2d 224, 229 [53 Cal. Rptr. 414, 418 P.2d 6]) and the court's jurisdiction.

Petitioner invokes the rule of certain civil cases that the defendant is entitled to a dismissal even though his own conduct caused the plaintiff's failure to proceed within the time prescribed by sections 581a and 583 of the Code of Civil Procedure. (E.g., *Miller & Lux Inc.* v. *Superior Court* (1923) 192 Cal. 333, 339-340 [219 P. 1006]; *Siskiyou County Bank* v. *Hoyt* (1901) 132 Cal. 81, 84 [64 P. 118].) On the other hand it has been suggested that we might find support for the trial court's determination in cases applying the doctrine of waiver against a defendant who seeks or does not object to a continuance beyond the time periods prescribed for criminal cases by section 1382 of the Penal Code. (E.g,. *People* v. *Wilson* (1963) 60 Cal.2d 139, 145-154 [32 Cal.Rptr. 44, 383 P.2d 452].) None of the civil or criminal dismissal statutes is significantly similar to the probation statutes. The civil cases as to dismissal are not persuasive in support of petitioner nor are the criminal cases persuasive against him. What we have said as to the operation of the probation system shows that application of estoppel here is appropriate under the statutes dealing with that subject.

The order to show cause is discharged and the petition for a writ of habeas corpus is denied.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.