Filed 2/27/14  P. v. Hightower CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CURTIS PAUL HIGHTOWER,<br><br>Defendant and Appellant. | F067048<br><br>(Super. Ct. No. VCF247094)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  James W. Hollman, Judge.

Gregory M. Chappel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Following convictions for burglary and vehicle theft in the autumn of 2011, appellant Curtis Paul Hightower was sentenced as a third strike offender under the original Three Strikes Law to 25 years to life imprisonment. He appealed the judgment of conviction (*People v. Hightower* (May 1, 2013, F063681) [nonpub. opn.] (Case No. F063681)).[1] During the appeal's pendency, appellant filed in the trial court a petition for recall of sentence pursuant to Penal Code[2] section 1170.126 (recall petition). This section is part of Proposition 36, the Three Strikes Reform Act of 2012 (the Act). The recall petition was granted and appellant was resentenced to 10 years 4 months imprisonment (resentencing order). Appellant then filed the present appeal from the resentencing order. A few months later, this court issued an unpublished decision in Case No. F063681 affirming the judgment of conviction and original sentence.

As grounds for reversal, appellant argues that the trial court acted in excess of its jurisdiction by hearing the recall petition while an appeal of the judgment of conviction was pending. Respondent contends that appellant is judicially estopped from challenging the resentencing order on that basis. We agree with respondent and will affirm.

## FACTS

Following jury trial, appellant was found guilty on September 8, 2011, of second degree commercial burglary (count 1), unlawful driving or taking of a vehicle (count 2)

---

[1]     On October 20, 2013, appellant filed a motion requesting judicial notice be taken of the clerk's transcript, remittitur and decision in Case No. F063681. Respondent did not oppose this request. Judicial notice may be taken of the court records in a related appeal between the same parties. (*Stephenson v. Drever* (1997) 16 Cal.4th 1167, 1170, fn. 1; Evid. Code, §§ 452, subd. (d)(1), 459; Cal. Rules of Court, rule 8.252(a)(2).) The judicial notice request was properly made and these materials are relevant to the issue before us. Consequently, the request will be granted.

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

and possession of burglar's tools, a misdemeanor (count 4).[3] In a bifurcated proceeding the court found true three prior strike allegations and three prior prison term allegations. He was sentenced to 25 years to life imprisonment on count 1 with a concurrent term of 25 years to life on count 2. The prior prison term allegations were stricken in the interests of justice.

Appellant appealed the judgment of conviction in Case No. F063681. He raised two issues, both of which related to his sentence. He argued that refusal to strike the prior convictions was an abuse of discretion and the sentence constituted cruel and unusual punishment.

On November 6, 2012, the voters approved the Act, effective January 1, 2013.

On January 22, 2013, appellant filed the recall petition.

On April 4, 2013, the trial court granted the recall petition after hearing. During this hearing appellant did not inform the trial court that his appeal of the judgment was pending. Appellant was resentenced to an aggregate term of 11 years 4 months imprisonment, calculated as follows: six years on count 1 (three year aggravated term, doubled) plus a consecutive term of 16 months for count 2, plus four years for the three prior prison terms allegations (resentencing order). Appellant unsuccessfully urged the trial court to sentence him to the midterm on count 1 and to order the sentence imposed on count 2 to run concurrent with the sentence imposed on count 1. The following day appellant filed a notice of appeal from the resentencing order.

On April 12, 2013, the trial court, on its own motion, modified the resentencing order to impose three years for the three prior prison term allegations, reducing

---

[3]     The decision in Case No. F063681 includes a detailed summary of the factual circumstances surrounding the charged crimes and special allegations. It is not necessary to repeat this summary to resolve the issue before us.

3.

appellant's sentence to an aggregate term of 10 years 4 months. Appellant amended the notice of appeal by interlineations to include the proceedings on this date.

On May 1, 2013, an unpublished decision was filed affirming the judgment of conviction and original sentence. (See *People v. Hightower, supra,* F063681.) Remittitur was issued in that appeal on August 5, 2013.

## DISCUSSION

This case presents an interesting issue. When a person who is currently serving a third strike sentence has filed a successful recall petition and obtained a sentencing reduction, does the doctrine of judicial estoppel apply to preclude this person from raising a procedural defect as the basis for reversal of the new sentence and remand for a third sentencing hearing where he could possibly convince the judge to reduce his sentence even further? We answer this question in the affirmative.

I.    **The Proper Time To File A Recall Petition Is After Finality Of The Judgment**.

Section 1170.126, subdivision (b) permits "[a]ny person serving an indeterminate term of life imprisonment" imposed for a third strike conviction to "file a petition for a recall of sentence."

On January 29, 2013, this court published *People v. Yearwood* (2013) 213 Cal.App.4th 161 (*Yearwood*), which held that the amendments to sections 667 and 1170.12 apply prospectively only and the postconviction release proceeding created in section 1170.126, subdivision (b) "is correctly interpreted to apply to all prisoners serving an indeterminate life sentence imposed under the former three strikes law." (*Yearwood, supra*, at p. 175.) "'Cases in which judgment is not yet final include those in which a conviction has been entered and sentence imposed but an appeal is pending when the amendment becomes effective.' [Citation.]" (*Id*. at pp. 171-172.) In order to receive a sentencing reduction pursuant to the Act the prisoner must file a petition for recall of

4.

sentence pursuant to section 1170.126 after the judgment of conviction is final. (*Yearwood, supra,* at p. 177.) We explained:

> "The trial court does not have jurisdiction over a cause during the pendency of an appeal. [Citation.] A section 1170.126 petition must be filed once the judgment is final and jurisdiction over the cause has been returned to the trial court. Appellant's eligibility for recall of sentence will be determined at that point in time. Section 1170.126(b) contains a 'good cause' exception to the two-year filing period. The pendency of appellate proceedings and consequent lack of jurisdiction over the cause in the trial court would necessarily constitute good cause for a filing delay. Thus, the length of the appellate process will not foreclose prisoners whose judgments were not final on the Act's effective date from obtaining relief to which they may be entitled pursuant to section 1170.126." (*Yearwood, supra*, 213 Cal.App.4th at p. 177.)

*Yearwood* has not been universally followed. California courts of appeal are split on the question whether sections 667 and 1170.12 apply retroactively to defendants whose convictions were not final on the Act's effective date. This issue is currently under review by our Supreme Court (*People v. Contreras* (2013) 221 Cal.App.4th 558, review granted January 29, 2014, S215516; [holding the Reform Act applies retroactively]; *People v. Lester* (2013) 220 Cal.App.4th 291, review granted January 15, 2014, S214648 [same, but with a dissent]; *People v. Lewis* (2013) 216 Cal.App.4th 468, review granted August 14, 2013, S211494 [same]; *People v. Conley* (2013) 215 Cal.App.4th 1482, review granted August 14, 2013, S211275 [holding the Reform Act is not retroactive]). Until and unless we are directed otherwise by the Supreme Court, we will adhere to the reasoning and result advanced in *Yearwood*.

## II.   Judicial Estoppel Applies To This Matter.

When the court has subject matter jurisdiction, a party who seeks or consents to actions beyond the court's power as defined by statute or decisional authority may be estopped to complain of an action that is taken in excess of the court's jurisdiction. Application of estoppel depends on the importance of the irregularity not only to the

parties but to the proper functioning of the courts and even, in some instances on other considerations of public power.  (*In re K.C.* (2013) 220 Cal.App.4th 465, 472; *In re Griffin* (1967) 67 Cal.2d 343, 347-348.)  While an act which is beyond the court's fundamental jurisdiction is void *ab initio*, an act in excess of jurisdiction is valid until it is set aside, and " ' "parties may be precluded from setting it aside by such things as waiver, estoppel, or the passage of time." ' [Citation.]"  (*People v. Lara* (2010) 48 Cal.4th 216, 225.)

In *People v. Palmer* (2013) 58 Cal.4th 110, our Supreme Court explained the doctrine of judicial estoppel and set forth its required elements:

> "… We explained in *People v. Castillo* (2010) 49 Cal.4th 145 that ' " ' "[j]udicial estoppel precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position.  [Citations.]  The doctrine's dual goals are to maintain the integrity of the judicial system and to protect parties from opponents' unfair strategies.  [Citation.]  Application of the doctrine is discretionary." '  [Citation.]  The doctrine applies when '(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.' " ' [Citation.]"  (*People v. Palmer, supra*, 58 Cal.4th at pp. 116-117.)

All of the elements required to apply judicial estoppel are present in this case.  The trial court had subject matter jurisdiction over the criminal prosecution.  The same parties were involved in the criminal prosecution and appeals.  Appellant has taken two conflicting positions with respect to the timing of a recall petition.  He urged the trial court to rule on his recall petition while his appeal of the conviction was pending.  Appellant's recall petition was successful; the trial court granted it and resentenced him.  It reduced appellant's sentence from 25 years to life to 10 years 4 months.

After the trial court granted the petition and resentenced him, appellant then appealed the trial court's order on jurisdictional grounds, arguing that the trial court should have denied the recall petition for this reason. The two positions advanced by appellant are totally contradictory. Appellant's initial position was not taken as a result of ignorance, fraud, or mistake. The *Yearwood* decision was filed more than two months before the recall petition was heard by the trial court. Defense counsel filed the recall petition on appellant's behalf and was present at all hearings. A lawyer is presumed to know the laws and rules of procedure which govern the forms of litigation and legal remedies which he selects and pursues. Counsel is "presumed competent and informed as to applicable constitutional and statutory law." (*People v. Barrett* (2012) 54 Cal.4th 1081, 1105.)

Appellant has not made any attempt to explain, excuse or justify his incompatible actions with respect to the timing of the recall petition. He filed the recall petition and it was granted by the trial court. Now appellant is arguing that the trial court should have denied his own recall petition. By pursuing the recall petition while his appeal of the judgment was pending, defense counsel strategically created legal error. The discretionary sentencing decisions that were made at the second sentencing hearing favored the People. Appellant then raised a jurisdictional challenge on appeal in an effort to obtain reversal and remand for a third sentencing hearing. At such a hearing the court could not impose more than a sentence of 10 years 4 months and defense counsel might have been able to convince the judge to further reduce appellant's sentence by selecting the midterm on count 1 and running the sentences concurrently.

We do not believe that policy considerations militate against application of the doctrine of judicial estoppel in this case. The sentence of 10 years 4 months is appropriate and consistent with statutory and decisional law. Upholding the order granting the recall petition ensures that litigants carefully reflect upon their strategy

before initiating and pursuing petitions and motions.  The same considerations that favor the forfeiture doctrine that is applied to discretionary sentencing choices apply in this case.

For all of these reasons, we will uphold the orders granting the recall petition and resentencing appellant to 10 years 4 months.

## DISPOSITION

Appellant's request for judicial notice is granted.  The orders granting the recall petition and sentencing appellant to 10 years 4 months are affirmed.

_____
LEVY, J.

WE CONCUR:


_____
HILL, P.J.


_____
CORNELL, J.

8.