Filed 11/6/14  Henry v. Department of Child Support Services CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID HENRY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Defendant and Respondent;<br><br>MICHELLE MITCHELL,<br><br>        Respondent. | H039122<br>(Santa Clara County<br>Super. Ct. No. CS109194) |

Plaintiff David Henry appeals from an October 2012 order denying his motion to set aside a June 2010 order determining child support arrearages.  We affirm the order.

**I.  Factual and Procedural Background**

David Henry and Michelle Mitchell (formerly Michelle Henry) were previously married and are the parents of seven children.  In 1997, David was ordered to pay unallocated child support in the amount of $1,105 per month to Michelle.  In April 2005, the Department of Child Support Services (Department) registered this order for enforcement.

In 2007, the Department provided David with an accounting of his support payments. David then filed a motion to determine child support arrearages in February 2007. David argued that he owed no child support arrearages based upon his payments and allegations that various children lived with him throughout the period that he was ordered to pay support. The parties agreed to submit the matter to the trial court based on their respective declarations. The trial court then gave the parties the opportunity to file further declarations, which they did. The trial court took the matter under submission in January 2009. On March 24, 2009, the trial court issued an order finding that David owed $30,145.82 in child support arrearages.

On April 30, 2009, David filed a motion to set aside the March 2009 order. David's declaration stated: (1) he did not have counsel when he submitted his documents; (2) there was no provision for him to file a reply to Michelle's documents that were produced in her response to his motion; (3) there was no provision for documentary evidence to be submitted; and (4) Michelle made false statements regarding the periods when the children lived with her, the amount of monies that she received, and the credits which he had been given. David requested that the trial court use its equitable powers to set aside the order and hold a hearing with evidence presented. David did not specify a statutory basis for his motion.

About a month later, Michelle filed her response to David's motion. She argued that the "motion for reconsideration" should be denied because it was not timely under Code of Civil Procedure section 1008[1] and failed to state new or different facts.

On June 30, 2009, the trial court held a hearing on David's motion. David was present with his attorney, Michelle appeared by telephone, and counsel for the Department was present. David asked that the trial court either reconsider the March 2009 order or, alternatively, set it aside. David acknowledged that though there is a

_____

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

2

policy toward finality of judgment, the court was one of equity, and he requested a trial on the amount of arrearages. David also stated that he had documents that he did not have at the previous hearing that would establish that Michelle was not truthful as to the amounts of support that she received. David requested reconsideration pursuant to section 1008. Alternatively, David requested that the trial court set aside the March 2009 order based on section 473.

Michelle argued that David had failed to provide legal authority to support his motion and that the motion was untimely. The Department argued that the motion was untimely under section 1008 and thus the trial court lacked jurisdiction to reconsider the order. The Department also argued that there was insufficient evidence to support a finding of extrinsic fraud.

The trial court noted that a settlement conference had been held in December 2008 and when the parties did not settle, they stipulated to submitting the matter to the trial court based on declarations. The trial court concluded that the motion was untimely under section 1008. Though the trial court then indicated that section 473 might be a basis for granting the motion, it concluded the motion was based more in equity because David wanted to present evidence in a contested hearing. The trial court stated: " . . . I think perhaps the concern that the court has is that the parties are allowed the right to a contested hearing on those issues to be able to present their evidence and be able to see the evidence presented by the other side."

Counsel for the Department requested that the determination of the amount of the arrears "would be res judicata on the issue of arrears as of that date so we do have some finality with respect to that issue." After the trial court explained to David that he would be required to present his defenses against arrears at the contested hearing and that there would be "no further bites of the apple, so to speak," David stated that he understood. The trial court then set aside the March 2009 order and set a contested hearing to determine arrears.

3

In November 2009, the hearing was held. David presented witness testimony and documentary evidence in which he claimed that he had paid child support and requested credit for other payments, including rent and moving expenses for Michelle. The total amount of these payments was $57,173.77. David also testified that some of the children lived with him when they were minors, but there was no time when all of the children lived with him. The Department presented a spreadsheet that gave David the benefit of all credits that he claimed, all credits that Michelle gave him, and credit for all child support collected by the Department. This spreadsheet was based on the unallocated support order with no reduction as each child emancipated. The Department concluded that David still owed $58,009.93 in principal and $31,871.13 in interest.

After closing arguments, the Department requested clarification of the minutes entered in June 2009. The minutes reflected that the trial court had granted a motion for reconsideration. The trial court confirmed that it was not a reconsideration motion, because such a motion would have been barred and the court would have lacked jurisdiction to hear it.

On June 18, 2010, the trial court issued its order determining child support arrearages of $89,881.06 based on the evidence presented by the Department. Noting that the California guideline child support formula contemplates an allocation per child, the trial court found that the 1997 support order did not clearly indicate whether the court intended an unallocated amount or did not attach the report with the breakdown per child. The trial court also found that the parties had not presented any authority for it to retroactively impose an allocation after all the children had emancipated and so many years had passed. David did not appeal from this order.

Over a year later, in October 2011, David filed an order to show cause in which he requested that the June 2010 order be set aside on the ground that the trial court lacked jurisdiction to grant his motion for reconsideration of the March 2009 order under section 1008. David also asserted that the March 2009 order was res judicata and should

4

not have been set aside. Thus, he requested that the March 2009 order, which established child support arrears in the amount of $30,145.82, be reinstated.

On October 9, 2012, the trial court held a hearing on David's motion. Following argument, the trial court stated that "it's very clearly stated at June 30th, 2009, that the Court granted the motion for reconsideration and set aside the March 24th, order. [¶] . . . The court finds that it does not have any further jurisdiction over this case."

## II. Discussion

David contends that the trial court erred when it denied his motion to set aside the June 2010 order. He contends that the trial court exceeded its jurisdiction when it granted the motion to set aside the March 2009 order because: (1) he failed to file a timely motion under section 1008; and (2) he failed to plead any mistake, inadvertence, surprise, or excusable neglect under section 473. Thus, he claims that all subsequent orders were void for lack of subject matter jurisdiction.

"'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter . . . .' [Citations.] 'Jurisdiction in any proceeding is conferred by law; that is, by the Constitution or statute. Jurisdiction of the subject-matter cannot be given, enlarged, or waived by the parties.' [Citations.] An order entered by a court without subject matter jurisdiction is also void and subject to collateral attack. [Citation.]" (*In re Marriage of Jensen* (2003) 114 Cal.App.4th 587, 593.)

Superior courts have jurisdiction in all proceedings under the Family Code. (Fam. Code, § 200.) Moreover, "[i]n a proceeding for dissolution of marriage, . . . the court has jurisdiction to inquire into and render any judgment and make orders that are appropriate concerning the following: [¶] . . . [¶] (c) The support of children for whom support may be ordered . . . ." (Fam. Code, § 2010, subd. (c).)

5

Here, it is undisputed that the trial court had jurisdiction of the parties and the subject matter when it issued the June 2009 order setting aside the March 2009 order. Thus, since the trial court had fundamental jurisdiction, the June 2009 order was not void and is not subject to collateral attack.

When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, "its act or judgment is valid until it is set aside, and a party may be precluded from setting it aside by 'principles of estoppel, disfavor of collateral attack or res judicata.' [Citation.]" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661.) Here, principles of estoppel are applicable. "[A] party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.] Whether he shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy." (*In re Griffin* (1967) 67 Cal.2d 343, 347-348.) Thus, even if we assume that the trial court acted in excess of its jurisdiction in setting aside the March 2009 order under either section 1008 or section 473, David is now estopped from challenging that order. David consented to the trial court's jurisdiction when he requested a contested hearing in 2009. He also expressly agreed at that time that the contested hearing would serve as the final determination of arrears owed by him and that the subsequent order would be res judicata.

David claims, however, that the trial court set a "dangerous precedent" by granting the motion because "he wanted another chance at a contested hearing." We disagree. The trial court was initially attempting to accommodate the parties by allowing them to submit the matter on declarations after the matter did not settle, and it later acknowledged that this procedure was "unusual." The trial court also expressed its concern "that the parties are allowed the right to a contested hearing on those issues to be able to present their evidence and be able to see the evidence by the other side. [¶] . . . I think the fact

6

that Mr. Henry has taken the trouble to hire an attorney to come back to the court to express his concern that his case was not fully heard, I think the court equitably has no o[th]er recourse than to set this for a contested hearing, which is probably perhaps what the court should have done in the first place." Thus, based on equitable principles, the trial court set aside the March 2009 order. Given these circumstances, the trial court did not set a dangerous precedent by granting David's request for a contested hearing.

Moreover, even if we assume that David is not estopped from challenging the June 2010 order on the ground that the trial court exceeded its jurisdiction in setting aside the March 2009 order, David has failed to show error requiring reversal. We will assume for purposes of our discussion that the trial court exceeded its jurisdiction under either section 1008 or section 473. However, the trial court was authorized to set aside the March 2009 order under the Family Code.

Family Code section 3690, subdivision (a) provides in relevant part: "The court may, on any terms that may be just, relieve a party from a support order, or any part or parts thereof, . . . based on the grounds, and within the time limits, provided in this article." Family Code section 3691 provides in relevant part: "The grounds and time limits for an action or motion to set aside a support order, or any part or parts thereof, are governed by this section and shall be one of the following: [¶] (a) Actual fraud. Where the defrauded party was kept in ignorance or in some other manner, other than his or her own lack of care or attention, was fraudulently prevented from fully participating in the proceeding. An action or motion based on fraud shall be brought within six months after the date on which the complaining party discovered or reasonably should have discovered the fraud."

In the present case, David brought his motion to reconsider or set aside the March 2009 order based in part on Michelle's false statements in her declaration. He also brought his motion within six months of discovery of the alleged fraud. Since David's

7

motion alleged fraud and was timely, the trial court did not exceed its jurisdiction when it set aside the March 2009 order.

In sum, the trial court properly denied his motion to set aside the June 2010 order.

## III. Disposition

The order is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Premo, Acting P. J.

_____
Elia, J.

9