Filed 10/27/23  Marriage of Launer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re the Marriage of KELLY R. and JON F. LAUNER. | C097383 |
| KELLY R. LAUNER,<br><br>      Respondent,<br><br>    v.<br><br>JON F. LAUNER,<br><br>      Appellant. | (Super. Ct. No. STA-FL-DWC-2020-0003583) |

Jon F. Launer (Husband) appeals from a court order denying his request to set aside a default judgment.  He contends the trial court erred in denying his motion to set aside the default judgment because the Marital Settlement Agreement (MSA or Agreement), which was incorporated into the judgment, did not comply with Family Code, section 2338.5.  We affirm the court's order.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

At the beginning of these dissolution proceedings, Kelly R. Launer's (Wife) counsel advised Husband to retain his own attorney. Husband wanted to represent himself. Husband did not file a response to the petition for dissolution and the parties began negotiating an MSA.

During the next several months, Husband actively participated in the negotiations. While he did not retain counsel, Husband did consult with a certified public accountant during the negotiation process. At Husband's request, numerous changes were made to the MSA, resulting in five drafts before the Agreement was finalized.

On April 9, 2021, Husband executed the MSA and had his signature notarized. On May 8, 2021, Wife's counsel e-mailed Husband:

"I received the signed MSA back from you and noticed that Page 31 (Exhibit B) was missing. Upon reviewing my email message of April 26 to you I see that somehow that page was missing from the PDFs that I sent you (the first PDF contained pages 1-30 and the second PDF was page 32.) I am not sure how that happened since that page had not changed from the last two drafts of the MSA that I sent you.

"If you look at the message I sent you on April 14th you will see that the same Page 31 was included. Further, the same Exhibit B was also attached to the MSA that I sent you on March 30th.

"I[f] you instruct me to correct this omission I will add Page 31 (Exhibit B – a copy of which is attached) to the document that you sent to me and thus save you the effort of having to re-sign the entire MSA.

"Presuming that you are in agreement with this, I will provide you with a fully executed copy of the Agreement once signed it has been signed by my client and myself.

"For your handy reference I have also attached a PDF of the entire MSA that I sent to you on April 26 (containing pages 1-31) as well as a PDF of the Exhibit C (Page 32) that I also sent at that time.

"I apologize for any inconvenience that my oversight may have cause[d]."

Husband responded the same day:

"I noticed that. You have my permission to correct. [¶] Mahalo. "

In August 2021, Husband told Wife he had no obligation to comply with the terms of the MSA because judgment had not yet been entered. In September 2021, Wife's counsel received an e-mail from an attorney advising that he had been retained by Husband. On February 4, 2022, a default judgment, incorporating the MSA, was entered. Then, on August 25, 2022, Husband's attorney filed a motion to set aside that judgment.

On November 9, 2022, though he was given permission to appear telephonically, Husband failed to appear at the hearing on his motion; the court denied Husband's request to continue. The court also denied Husband's motion to set aside the judgment. The court found Husband "was an active participant in the negotiations of the agreement and . . . failed to present evidence sufficient to establish his request . . . to set aside [the] default and default judgment . . . ." The court also found Husband understood what he was signing.

Husband appeals from this order.

## DISCUSSION

Family Code section 2338.5 provides in relevant part that "where a judgment of dissolution . . . is to be granted upon the default of one of the parties:

"(a) The signature of the spouse who has defaulted on any marital settlement agreement or on any stipulated judgment shall be notarized." Husband argues the MSA did not comply with section 2338.5, because it was not complete at the time he executed the Agreement and had his signature notarized. Page 31 was added back in afterward

3

and, he contends, "there are no provisions in the law that allow for the correction of a completed notarial act."

Whether the law allows for the correction of a completed notarial act, Husband is estopped from relying on counsel's oversight to set aside the judgment; " '[t]o hold otherwise would permit [Husband] to trifle with the courts.' " (*In re Griffin* (1967) 67 Cal.2d 343, 348, quoting *City of Los Angeles v. Cole* (1946) 28 Cal. 509, 515 [parties who stipulate to a court acting in excess of its jurisdiction are estopped from arguing the court acted without jurisdiction].) Husband reviewed Page 31 at least twice before he executed the MSA, he acknowledged Page 31 was missing at the time his signature was notarized, and he gave Wife's counsel permission to add it back in before filing.

Moreover, Husband makes no showing he was harmed by the purported error. Husband was advised to retain counsel and refused; he was an active participant in negotiating the terms of the MSA; and he consulted his own certified public accountant during negotiations. Husband even reviewed numerous drafts of the MSA, at least two of which included Page 31, before receiving the sixth and final draft, which he executed. Thus, despite his claim of error, Husband claims no harm, and we can discern none.

Husband also claims Wife's counsel committed a fraud upon the court and was required to advise Husband that adding Page 31 back in to the MSA required a new notarial act. He cites no relevant authority to support either claim.

4

## DISPOSITION

The trial court's order denying Husband's motion to set aside the default judgment is affirmed.  Wife is awarded her costs on appeal.  (California Rules of Court, rule 8.278 (a).)


_____

HULL, Acting P. J.



We concur:



_____

DUARTE, J.



_____

KEITHLEY, J.*



_____

\* Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution