Filed 4/19/21  P. v. Svien CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C089204 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F05564) |
| v. | |
| KENNETH SVIEN, | |
| Defendant and Appellant. | |

Defendant Kenneth Svien appeals the trial court's order overruling his demurrer challenging the trial court's jurisdiction to consider a probation violation allegation. Defendant asserts his probationary term expired approximately a year prior to the filing of the probation violation petition at issue in this appeal and he did not agree to an extension of the probationary term.  The People disagree, arguing defendant agreed to an extension of his probationary term and is thus estopped from challenging the trial court's jurisdiction.  We conclude the record is devoid of evidence showing defendant agreed to extend his probationary term.  We thus reverse the trial court's order overruling the demurrer and the subsequent order finding defendant in violation of probation.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant entered a plea of no contest to willful infliction of corporal injury in exchange for being placed on probation for five years.  On November 27, 2012, the trial

1

court accepted the plea, suspended imposition of sentence, and placed defendant on probation for five years subject to various terms and conditions. The parties agree the five-year term expired by November 27, 2017. Defendant violated his probation several times during the five-year period. Pertinent to this appeal, a probation violation allegation was pending before the trial court prior to November 27, 2017. The hearing on that allegation took place on January 2, 2018.

During the January 2018 hearing, defendant admitted to violating probation in another case (No. 15F07086). The trial court reinstated probation in that case on the original terms and conditions and ordered defendant to serve additional days "as a term of condition of probation." The trial court then said, "Probation is also reinstated on its original terms and conditions in case ending 5564" -- i.e., the case before us on appeal. The trial court asked the prosecution whether it "ha[d] a motion as to that [violation of probation] petition." The prosecution "move[d] to dismiss in the interest of justice in light of the admission." The trial court granted the motion and asked defendant, "do you understand and accept all the terms and conditions of probation that you had before in both of your separate cases including the additional condition that I made today?" Defendant responded in the affirmative.

A few months later, the probation officer filed another violation of probation petition. Defendant appeared at the hearing on August 20, 2018, and admitted to failing to complete the batterer's treatment program. The trial court sentenced defendant to 60 days in jail, and reinstated defendant's probation with a referral to an indigent batterer's treatment program.

Not long thereafter, the probation officer again filed a violation of probation petition and defendant appeared for the hearing on November 19, 2018. During that hearing, defendant admitted to being "placed on five years of felony probation, and . . . fail[ing] to complete the batterer's treatment program." The court ordered probation to be "reinstated on the original terms and conditions."

2

On January 2, 2019, the probation officer filed the violation of probation petition at issue in this appeal. This time, defendant filed a demurrer arguing the trial court was without jurisdiction to consider the petition. Defendant asserted that, because the trial court failed to explicitly extend the period of probation during the January 2018 hearing, his probationary term ended well before the filing of the probation violation petition. It appears the prosecution did not file an opposition to the demurrer because the record does not contain one. At the hearing on the demurrer in March 2019, defendant's counsel argued: "[E]ven if there was an estoppel argument beyond the 2017 date, on January 2nd, 2018, the date had not been extended, and it could not have been because of the maximum five year grant. In addition, there were no further dates set after that. So I believe at that point the court lost jurisdiction. [¶] . . . [Probation] expired November 27th, 2017, or January 2nd, 2018, when there were no further review dates set. So it's just my position at this time that in the [instant] case he be deemed probation having been expired or terminated." The prosecution responded "the estoppel argument applies under these circumstances."

The trial court ruled: "[I]t appears that prior to the expiration of the original probation date, probation was revoked on September 14th. So when it crossed that line approximately November 27th, it was in revoke status, and it was in revoke status until he came back on January 2nd of 2018. At that time, [defendant] agreed to a deal where he would be continued on the original terms and conditions of probation in exchange for a dismissal of the violation of probation. [¶] . . . [S]imilar to the Griffin (ph.) matter, had the People believed that there was no further -- there was not further time available on any violation of probation, it seems reasonable that that might not have been the offer in order to allow him to continue to come back and do his batterer's treatment. [¶] Interjection have been delayed (ph.), at this time I am prepared to terminate probation today, but I do believe that based upon the estoppel analysis that the People are entitled to

3

an adjudication on this violation of probation as a final termination. [¶] So I will deny the motion on those grounds."

The trial court terminated defendant's probation on March 26, 2019, and sentenced him to 120 days in jail. Defendant timely filed a notice of appeal on March 28, 2019.

## DISCUSSION

If properly revoked during the probationary period, a trial court maintains its jurisdiction after the expiration of the probationary period to consider a violation of probation that occurred during the probationary period. (*People v. Leiva* (2013) 56 Cal.4th 498, 517-518.) A trial court may then "adjudicate, in a subsequent formal probation violation hearing, whether the probationer violated probation during, but not after, the court imposed probationary period." (*Id.* at p. 502.) During this hearing, "a trial court can find a violation of probation and then reinstate and extend the terms of probation 'if, and only if, probation is reinstated based upon a violation that occurred during the unextended period of probation.' " (*Id.* at p. 516; see also Pen. Code, § 1203.2, subd. (e).) Otherwise, " 'the court loses jurisdiction or power to make an order revoking or modifying the order suspending the imposition of sentence or the execution thereof and admitting the defendant to probation after the probationary period has expired.' " (*In re Griffin* (1967) 67 Cal.2d 343, 346.) "Once probation ends . . . a court's power is significantly attenuated. Its power to impose a sentence over the defendant ceases entirely -- a result embodying the ideal that a court may not dangle the threat of punishment over a former probationer indefinitely." (*People v. Chavez* (2018) 4 Cal.5th 771, 782.)

Defendant argues: (1) the trial court lost jurisdiction to find defendant in violation of probation when it dismissed the pending violation of probation in January 2018; (2) the probationary period was not extended by the automatic tolling provision in Penal Code section 1203.2, subdivision (a); (3) because the trial court never extended

defendant's probationary term, it expired on January 2, 2018; and (4) defendant is not estopped from challenging the trial court's acts in excess of its jurisdiction.

The People raise only one argument in response. They assert defendant is estopped from challenging the trial court's jurisdiction to adjudicate the January 2019 probation violation petition because "he consented to extensions when he appeared in court and admitted probation violations on January 2, 2018; August 20, 2018; and November 19, 2018," relying on *Griffin*. (Citing *In re Griffin*, *supra*, 67 Cal.2d at p. 348.)

In sum, the parties do not dispute that defendant's probationary term ended before the January 2018 hearing, but the trial court had jurisdiction over defendant at that hearing because probation had been revoked pending an adjudication of a probation violation petition alleging a violation within the probationary term. The sole question before us is whether defendant agreed to an extension of his probationary term during the January 2018 hearing or thereafter such that he should be estopped from challenging the trial court's jurisdiction to adjudicate the January 2019 probation violation petition. We have reviewed the record for each of the three hearings from January 2018 through the filing of the subject petition and find no basis for concluding defendant agreed to an extension of his probationary term.

We begin with the January 2018 hearing. The People argue defendant "agreed to and received the benefit of his bargain, i.e., a dismissal of the alleged probation violation in this case" and thus "should be estopped from questioning the court's authority to reinstate him on probation." We note the following as to that hearing: (1) there was no finding made that defendant had violated probation in *this* case; (2) the court reinstated probation on the *original* terms and conditions; (3) there was *no mention of* extending, and thus no agreement to extend, defendant's probationary term in this case; (4) there was no discussion of an agreement or the terms of any such agreement between defendant and the prosecution; and (5) the court set no further hearing dates in this case. That the

5

prosecution moved to dismiss the petition in this case "in the interest of justice in light of the admission" does not evidence an *agreement* between the prosecution and defendant that defendant's probationary term would be extended.

Reinstatement of probation on the original terms and conditions is also *not* the same as extending the probationary term. And, here, the trial court in fact had no authority to extend the probationary term *in this case* because there was no finding of a probation violation *in this case*. (*People v. Leiva*, *supra*, 56 Cal.5th at p. 516 ["[A] trial court can find a violation of probation and then reinstate and extend the terms of probation 'if, and only if, probation is reinstated based upon a violation that occurred during the unextended period of probation' "].) In the absence of an extension of the probationary term, the trial court's jurisdiction over defendant terminated at the conclusion of the January 2018 hearing. (*Ibid.*; *People v. Chavez*, *supra*, 4 Cal.5th at p. 782.) To infer defendant consented to an unspoken and undefined extension of his probationary term under the facts presented "would raise both 'serious due process concerns' and fears of nullifying statutory provisions limiting the period of probation." (*Chavez*, at p. 782.)

*Griffin* does not require a contrary result. In that case, the trial court revoked probation during the probationary period. (*In re Griffin*, *supra*, 67 Cal.2d at p. 344.) At a hearing that took place within the probationary period, the petitioner moved for a continuance of the hearing to a date after the end of the probationary term. (*Id.* at p. 345.) The petitioner then argued the court lacked jurisdiction at the subsequent hearing. (*Id.* at p. 346.) Rejecting the petitioner's argument, our Supreme Court explained "[w]hen, as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction." (*Id.* at p. 347.) Specifically, "[a] litigant who stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' "

6

(*Id.* at p. 348.) Here, the record is devoid of any evidence defendant sought or consented to action beyond the trial court's jurisdiction during the January 2018 hearing.

Next, the People argue that, because defendant admitted he violated probation during the August 2018 hearing and agreed to re-referral to a batterer's treatment program and jail time, defendant consented to reinstatement of probation on the original terms and conditions via his conduct. (Citing *In re Bakke* (1986) 42 Cal.3d 84.) The People make no argument, however, addressing the pertinent question at issue -- how defendant's voluntary appearance at and consent to jurisdiction during the August 2018 hearing affected the trial court's jurisdiction to adjudicate the January 2019 petition. We say "voluntary" because the trial court's jurisdiction over defendant terminated after the January 2018 hearing, as explained *ante*. (See *People v. Chavez*, *supra*, 4 Cal.5th at p. 782 [once probation ends, a trial court's power to impose a sentence over the defendant ceases entirely].) The trial court's reinstatement of probation on the original terms and conditions during the August 2018 hearing thus had no practical effect.

We further note that *Bakke* is distinguishable. In that case, our Supreme Court said "[a] probationer may by his conduct . . . consent to the continuance of a proceeding to a time beyond that within which a statute requires the court to act." (*In re Bakke*, *supra*, 42 Cal.3d at p. 89.) But, here, defendant did not request a continuance, nor did he agree to any continuance proposed by the trial court. We see no similarity between this case and *Bakke*.

Finally, the People argue that, at the November 2018 hearing, defendant "admitted a probation violation in exchange for a re-referral to the batterer's treatment program, 16 days in custody, and reinstatement on probation," thus actively seeking and consenting to "reinstatement of his probation with the original terms and conditions, including the condition that he complete the batterer's treatment program, which he had still not yet done." The People assert that, based on the foregoing, defendant should be estopped from challenging the trial court's "authority to reinstate him on probation," relying on

7

*Griffin* and *Ford*. (Citing *In re Griffin*, *supra*, 67 Cal.2d at p. 243; *People v. Ford* (2015) 61 Cal.4th 282.) This argument need not detain us long given our analysis and discussion *ante*. As previously discussed, *Griffin* does not support the People's position. *Ford* does not support the People's position either.

In *Ford*, the court set out to determine whether "the trial court lacked jurisdiction to conduct . . . [a] hearing prescribing the amount of restitution [defendant] owed because his term of probation -- including the condition of restitution -- had expired." (*People v. Ford*, *supra*, 61 Cal.4th at p. 284.) The court concluded that, "[b]y agreeing to a continuance of the restitution hearing to a date after his probationary term expired, defendant impliedly gave his consent to the court's continued exercise of jurisdiction. He [wa]s therefore estopped from challenging it." (*Id.* at p. 285.) We fail to see how this case is pertinent to the November 2018 hearing. *Ford* is simply inapposite.

In short, we agree with defendant that the trial court's jurisdiction for purposes of adjudicating probation violation allegations ended after the January 2018 hearing and there is no evidence in the record to support the trial court's estoppel finding.

## DISPOSITION

The orders overruling defendant's demurrer and finding defendant violated his probation based on the January 2019 petition are reversed. The matter is remanded to the trial court with directions to set aside its order overruling defendant's demurrer and to enter an order sustaining the demurrer and dismissing the probation violation petition.

/s/_____
Robie, Acting P. J.

We concur:

/s/_____
Duarte, J.

/s/_____
Hoch. J.

8