Filed 3/26/24  P. v. Lanford CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANIEL CHOL LANFORD,<br><br>Defendant and Appellant. | C097531<br><br>(Super. Ct. No. CRF180005975) |

Defendant Daniel Chol Lanford pleaded no contest to possession of ammunition by a felon.  The trial court suspended imposition of sentence and placed defendant on formal probation.  Defendant violated probation resulting in multiple probation revocation petitions.  During one of the resulting probation revocation proceedings, defendant admitted to several violations and stipulated to imposition of an upper term sentence of three years with execution of the sentence suspended.  After additional

1

probation violations, the trial court revoked probation and executed the previously imposed three-year upper term sentence. On appeal, defendant asserts the matter must be remanded for resentencing following the amendment of Penal Code section 1170 by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567). (Statutory section citations that follow are to the Penal Code unless otherwise stated.)

We affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

On June 23, 2018, after supermarket employees suspected defendant was stealing items. They attempted to stop defendant and a police officer detained him. The officer searched defendant and found a box of Magtech ammunition containing 31 live rounds and six or seven expended rounds.

A criminal complaint charged defendant with a single count of possession of ammunition by a felon. (§ 30305, subd. (a)(1); count 1.) On July 17, 2019, defendant entered a plea of no contest to count 1 with a maximum exposure of three years in prison. On August 21, 2019, the trial court stated imposition of sentence would be suspended three years and admitted defendant to formal probation.

On October 11, 2019, the prosecution filed a petition for revocation of probation, alleging defendant committed two new offenses. Defendant admitted the violations and the court revoked and reinstated probation.

On June 19, 2020, the prosecution filed a second revocation petition, alleging defendant committed two new offenses. On August 17, 2020, the prosecution filed a third revocation petition, alleging defendant committed another new offense.

On August 20, 2020, defendant appeared before Judge Beatty. The court proposed that, if defendant admitted to the violations alleged, the court would impose a prison sentence and suspend execution of the sentence and defendant would return to probation. After consulting with defendant, defense counsel stated defendant would accept the

2

proposal, and asked about the sentence to be imposed. The court responded, "it would be the aggravated term, three years, and I won't extend probation." Defendant admitted the violations and the court sentenced defendant to the upper term of three years, suspended execution of the sentence, and reinstated probation.

On September 18, 2020, the prosecution filed a fourth revocation petition, alleging defendant committed two new offenses. On February 26, 2021, the prosecution filed a fifth revocation petition, alleging defendant committed another new offense. On October 12, 2022, the prosecution filed a sixth revocation petition, alleging defendant failed to report. On October 13, 2022, defendant admitted to the violations alleged in these three petitions.

At proceedings on October 26, 2022, defendant's attorney requested the court impose sentence consistent with section 1170 as amended by Senate Bill No. 567, and the prosecution requested the opportunity to brief the issue. At sentencing on November 23, 2022, believing the sentence previously imposed, execution suspended, was imposed in compliance with section 1170, subdivision (b) as amended, the trial court stated, "I'm bound by it. I do not think I have the discretion to pull it back and modify it unless I was placing [defendant] back on a grant of probation." The court revoked probation and executed the previously imposed upper term three-year prison sentence.

DISCUSSION

I

*Certificate of Probable Cause, Waiver, and Estoppel*

The People assert defendant is estopped from challenging his stipulated sentence because he failed to obtain a certificate of probable cause. Defendant replies that he is not challenging his plea as invalid when made but is seeking application of a later-enacted sentencing provision, and therefore he does not need a certificate of probable cause. We agree with the defendant.

3

"Generally speaking, under section 1237.5, a defendant may not bring an appeal from a judgment of conviction entered after a . . . no contest plea . . . unless he or she has first obtained from the superior court a certificate of probable cause." (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1182, fn. omitted; see § 1237.5; see also Cal. Rules of Court, rule 8.304(b).) One of the two types of issues that may be raised on appeal without a certificate of probable cause come forward where a defendant has entered a guilty or no-contest plea that involves "issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74; accord, *People v. Stamps* (2020) 9 Cal.5th 685, 694.) "In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*Panizzon*, at p. 76; accord, *Stamps*, at p. 694.) "Even when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement." (*People v. Johnson* (2009) 47 Cal.4th 668, 678; accord, *Stamps*, at p. 694.) " '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause." (*People v. Shelton* (2006) 37 Cal.4th 759, 766, quoting *Panizzon*, at p. 79; see *People v. Buttram* (2003) 30 Cal.4th 773, 789 ["when the parties agree to a *specified* sentence, any challenge to that sentence attacks a term, and thus the validity, of the plea itself"].)

Here, defendant is not estopped from pursuing his claim based on his failure to obtain a certificate of probable cause because he is not challenging the validity of his plea

or an aspect of the sentence to which he agreed at the time. As stated, pursuant to a stipulation the trial court imposed the three-year upper term sentence on August 20, 2020, before passage of Senate Bill No. 567 or its effective date, January 1, 2022. (Stats. 2021, ch. 731, §§ 1.3, 3(c).) Under these circumstances, defendant is not challenging a part of the plea to which he agreed. Defendant is seeking the retroactive application of a subsequently enacted ameliorative provision. (Cf. *People v. Stamps*, *supra*, 9 Cal.5th at p. 696 [certificate of probable cause not required because the defendant was not challenging validity of plea but instead was seeking application of a later-enacted sentencing provision].) No certificate of probable cause is required.

For similar reasons, contrary to the People's contentions, defendant did not waive and is not otherwise estopped from raising his claim because he agreed to a specific sentence. In *People v. Hester* (2000) 22 Cal.4th 290, on which the People rely, the Supreme Court concluded that the defendant's acceptance of a plea bargain with a stipulated sentence constituted implicit waiver of his claim pursuant to section 654. (*Hester*, at p. 295.) However, the provisions of section 654 were in existence at time of the defendant's plea in *Hester*. Here, Senate Bill No. 567 did not become effective until after defendant agreed to his sentence. As such, he did not waive the claim. (See generally *People v. Castellanos* (2020) 51 Cal.App.5th 267, 272 [waiver "is the voluntary, intelligent, and intentional relinquishment of a known right or privilege"; " ' "[T]he valid waiver of a right presupposes an actual and demonstrable knowledge of the very right being waived" ' "].)

Estoppel is not the same as waiver, though the terms are sometimes used "indiscriminately." (*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd.* (1994) 30 Cal.App.4th 54, 59.) Estoppel may apply to prevent a defendant from " 'trifl[ing] with the courts.' " (*In re Griffin* (1967) 67 Cal.2d 343, 348.) Here, defendant seeks only to benefit from a retroactively applicable ameliorative provision enacted by the Legislature. We cannot say defendant is seeking to "trifle with the courts by

attempting to better the bargain through the appellate process" (*People v. Hester, supra*, 22 Cal.4th at p. 295).

## II

*Senate Bill No. 567 and Section 1170*

Defendant asserts the matter must be remanded for resentencing because the trial court did not comply with the requirements of section 1170 as amended by Senate Bill No. 567.  Defendant contends no circumstance in aggravation was stipulated to by him or found true beyond a reasonable doubt at trial.

The People respond that, while the ameliorative amendments in Senate Bill No. 567 generally apply retroactively to nonfinal judgments, they do not apply in the context of a stipulated sentence.  According to the People, when a defendant violates the terms of probation and the trial court executes the previously suspended sentence, "the trial court 'exercises no discretion to decide between an upper, middle, or lower determinate term and may not consider factors in mitigation and aggravation,' " and thus does not impose sentence within the meaning of section 1170, subdivision (b).

We conclude the ameliorative provisions of Senate Bill No. 567 do not apply to defendant's case.

As amended by Senate Bill No. 567, section 1170, subdivision (b) now provides, in pertinent part:  "(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶]  (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . .  [¶]  (3) Notwithstanding

6

paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions." (§ 1170, subd. (b)(1)-(3).)

As a general matter, Senate Bill No. 567's amendments to section 1170 do apply retroactively to all nonfinal cases. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109.) However, there is a split of authority among the Courts of Appeal as to whether these amendments apply retroactively to sentences imposed pursuant to stipulated plea agreements.

In *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314 (*Mitchell*), the court stated that, in imposing a sentence as part of a stipulated plea agreement, the trial court "had no opportunity to exercise any discretion in deciding whether the imposition of the upper, middle, or lower term would best serve 'the interests of justice' under former section 1170, subdivision (b)." (*Mitchell* at p. 1058, review granted.) Rather, "when presented with a stipulated plea agreement, a trial court may either accept or reject it." (*Ibid*., review granted.) Section 1170 contemplates imposition of sentence in the trial court's "sound discretion." (§ 1170, subd. (b)(1).) The court in *Mitchell* stated this "language indicates that the statute was not intended to apply to sentences imposed pursuant to a stipulated plea agreement, as the trial court lacks discretion to select the sentence in the first place." (*Mitchell*, at p. 1058, review granted.)

Defendant acknowledges *Mitchell*, but relies instead on *People v. Todd* (2023) 88 Cal.App.5th 373, review granted, April 26, 2023, S279154 (*Todd*). The *Todd* court disagreed with *Mitchell*, concluding the defendant's "sentence to the aggravated term as a condition of his negotiated plea agreement does not negate the requirements imposed on the court by amended section 1170, subdivision (b), which is retroactively applicable to him." (*Id*. at p. 381, review granted.) The court stated that section 1170 as amended "prohibits the imposition of the upper-term sentence absent specific findings." (*Todd*, at

7

p. 378, review granted.)  Thus, "the imposition of the aggravated term exceeds the court's authority unless the statutory prerequisites are met or waived because the aggravated term cannot be imposed absent the court's finding of those circumstances." (*Id.* at p. 379, review granted.)  Additionally, the *Todd* court stated that adopting the reasoning in *Mitchell* would improperly render the defendant's plea bargain to a stipulated sentence "the very waiver of 'unknown future benefits of legislative enactments' that the Legislature has deemed void as against public policy because his entry of plea on those terms was not 'knowing and intelligent.' " (*Id.* at pp. 379-380, review granted, citing § 1016.8, subds. (a)(1) [plea agreements are deemed to incorporate the power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy; entering into plea agreement does not insulate parties from changes in the law the Legislature intended to apply to them], (4) ["plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent"].)

The Supreme Court will soon resolve this split of authority.  Pending that resolution, we find *Mitchell*'s analysis more persuasive.  We conclude the trial court had no opportunity to exercise its sentencing discretion when lifting the suspension on the previously imposed stipulated upper term sentence.  As such, we do not find that Senate Bill No. 567's amendments to section 1170 apply to defendant's case.

Addressing the *Mitchell*/*Todd* split, the People assert:  "following appellant's first three violations of probation, the trial court selected an upper term sentence which was imposed, but its execution stayed with the understanding that, in revoking and reinstating probation, the stay would be lifted if appellant 'mess[ed] up' [citation] and violated probation again by committing a new crime [citations].  This distinction renders the split of authority reflected in *Mitchell* and *Todd* inapplicable."  Assuming the distinction to which the People refer is that neither *Mitchell* nor *Todd* involved an imposed sentence the

8

execution of which had been suspended, this does not render the issue addressed in *Mitchell* and *Todd* inapplicable. The People elsewhere rely on the rule that, "if the court has actually imposed sentence, and the defendant has begun a probation term representing acceptance of that sentence, then the court has no authority, on revoking probation, to impose a lesser sentence at the precommitment stage." (*People v. Howard* (1997) 16 Cal.4th 1081, 1095; *id*. at p. 1088 [on "revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that exact sentence into effect"].)

The Supreme Court in *People v. Esquivel* (2021) 11 Cal.5th 671 held that "a case in which a defendant is placed on probation with execution of an imposed state prison sentence suspended is not yet final" for purposes of *In re Estrada* (1965) 63 Cal.2d 740 retroactivity "if the defendant may still timely obtain direct review of an order revoking probation and causing the state prison sentence to take effect." (*Esquivel*, at p. 673.) The Supreme Court noted "there are some constraints on a trial court's ordinary discretion to modify suspended execution sentences," but further observed "those constraints are statutory, and in any event, defendants entitled to the benefit of ameliorative legislation may be able to obtain relief by other procedural means." (*Id*. at p. 679.)

As one court phrased it after reviewing *Esquivel*, the principles of *In re Estrada* "underlying the presumption of retroactive application of ameliorative legislation overcome the usual rule that a previously imposed execution suspended sentence cannot be later modified when probation is revoked." (*People v. Achane* (2023) 92 Cal.App.5th 1037, 1046, fn. omitted.) The court concluded: "*Esquivel*'s holding that the defendant was entitled to retroactive application of the new legislation necessarily confirms that trial courts have authority to act in accordance with *Estrada*'s presumption of retroactivity when ameliorative legislation becomes effective after imposition of the suspended execution sentence and prior to probation revocation proceedings." (*Achane,* at pp. 1046-1047.) Thus, the distinction that, unlike *Mitchell* and *Todd*, this case involved

9

imposition of a sentence the execution of which had been suspended does not render the issue addressed in *Mitchell* and *Todd* inapplicable.

DISPOSITION

The judgment is affirmed.

_____

                                            HULL, J.

We concur:

_____

EARL, P. J.

_____

WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.